**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**Jasper Division**

FILED
98 MAR 25 PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| American Casualty Company, et al., | ) | |
|     Plaintiff(s); | ) | |
| | ) | |
| -vs.- | ) | No. CV 95-P-2567-J |
| | ) | |
| First State Holding Corp., et al., | ) | |
|     Defendant(s). | ) | |

ENTERED

MAR 25 1998

| | | |
|---|---|---|
| United States Fidelity & Guaranty Company, | ) | |
|     Plaintiff(s); | ) | |
| | ) | |
| | ) | No. CV 95-P-2844-J |
| -vs.- | ) | |
| | ) | |
| First State Holding Corp., et al., | ) | |
|     Defendant(s). | ) | |

| | | |
|---|---|---|
| St. Paul Fire & Marine Insurance Company, Inc., et al., | ) | |
|     Plaintiff(s); | ) | |
| | ) | No. CV 96-P-2723-J |
| -vs.- | ) | |
| | ) | |
| First State Bank of Lamar County, et al., | ) | |
|     Defendant(s). | ) | |

| | | |
|---|---|---|
| American Casualty Company, et al., | ) | |
|     Plaintiff(s); | ) | |
| | ) | No. CV 97-P-441-J |
| -vs.- | ) | |
| | ) | |
| First State Holding Corp., et al., | ) | |
|     Defendant(s). | ) | |

58

**Opinion**

Defendants' Motions to Dismiss were considered by the court at a status conference on March 23, 1998. For the reasons stated below, the motions are due to be GRANTED.

Statement of Facts[1]

These four actions are the result of a dispute between the First State Bank of Lamar County ("FSB") and several of its insurers. Three of the insurance companies, United States Fidelity & Guaranty Company ("USF&G"), St. Paul Fire & Marine Insurance Company, Inc. ("St. Paul") and Audubon Insurance Company ("Audubon"), provided FSB with comprehensive general liability insurance. The other insurer, American Casualty Company ("American") provided FSB with a banker's bond and with directors' and officers' liability coverage.

Beginning in 1995, several FSB borrowers filed lawsuits against FSB in the Circuit Court of Lamar County. Those lawsuits accuse FSB, its officers and insurance agent John Kelly Smith of conspiring to defraud the borrowers in connection with the purchase of credit life insurance policies.[2] FSB subsequently demanded that its insurers cover the cost of defending these suits. When the insurers declined to defend, FSB filed third party complaints against its insurers. Following removal of the Lamar County fraud cases to federal court by the insurers, Judge Sharon Lovelace Blackburn remanded the underlying actions to state court in August 1996.

American, USF&G, St. Paul and Audubon filed the instant actions in federal court between 1995 and 1997, seeking declaratory judgment that their denial of coverage in the Lamar County actions was proper. After these cases were consolidated before Senior Judge E.B.

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiffs.

2. Approximately 35 such cases have been brought against FSB in Lamar County.

2

Haltom, Jr. in March 1997, FSB filed these Motions to Dismiss. These actions were reassigned to this court in early 1998.

## Analysis

Suits under the Declaratory Judgment Act "confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court 'may declare the rights and other legal relations of any interested party seeking such declaration.'" *Wilton v. Seven Falls Company*, 515 U.S. 277, 286 (1995) (quoting 28 U.S.C. § 2201(a) (1988 Supp.)). Where a declaratory judgment action would serve no useful purpose, however, or would result in piecemeal resolution of claims, a district court may properly decline to exercise its jurisdiction. *See id.* at 288. The United States Supreme Court has noted that it would ordinarily be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). Although the *Brillhart* Court did not set forth an exclusive list of factors governing a district court's exercise of its discretion, the Court did suggest that a district court consider "the scope of the pending state court proceeding and the nature of the defenses open there," as well as "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined [and] whether such parties are amenable to process in that proceeding." *Id.*

In the instant cases, plaintiffs have failed to distinguish their requests for declaratory judgment from the similar requests made in *Brillhart* and *Wilton*. Counsel for the insurers have acknowledged that substantially identical coverage issues are pending in the underlying Lamar

3

County actions. In light of the Supreme Court's recent reaffirmation in *Wilton* of the *Brillhart* discretionary standard, this court concludes that determination of the insurance coverage issues in a federal declaratory judgment action would serve no useful purpose.

Accordingly, FSB's Motions to Dismiss are due to be GRANTED, and these consolidated actions are due to be DISMISSED WITHOUT PREJUDICE.

Date: March 25, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
   Mr. S. Allen Baker
   Mr. Tom S. Roper
   Mr. Charles E. Sharp
   Mr. J. Clinton Pittman
   Mr. Clatus K. Junkin
   Mr. Ronald O. Gaiser
   Mr. J. Danny Hackney
   Mr. William A. Davis III
   Mr. John W. Clark